## J. M. RADFORD GROCERY CO. v. HAYNIE.

### In re T. I. BROWN & CO.

(Circuit Court of Appeals, Fifth Circuit. November 22, 1919.)

No. 3338.

1. EVIDENCE ☞575—ADOPTION BY WITNESS OF TESTIMONY AT FORMER HEARING

In an action to recover payments made by the bankrupts as preferences, where one of the bankrupts while a witness without objection testified that the report of his testimony given at the meeting of the creditors was correct and that it was true, he adopted his former testimony, and the admission of the report thereof over defendant's objection was not error; it appearing that representatives of defendant were present at the meeting of creditors.

2. BANKRUPTCY ☞301—IN ACTION TO RECOVER PREFERENCES, DENIAL OF DIRECTED VERDICT PROPER.

In an action to recover as preferences sums paid by bankrupts, *held*, that denial of defendant's request for directed verdict was proper under the evidence.

3. APPEAL AND ERROR ☞730(2)—SUFFICIENCY OF ASSIGNMENTS COMPLAINING OF CHARGE.

An assignment of error based on an exception reserved to part of the charge will be disregarded, when it did not comply with rule 11, requiring an assignment of such error to set out the part of the charge referred to in totidem verbis.

In Error to the District Court of the United States for the Northern District of Texas; Robert T. Ervin, Judge.

Action by R. W. Haynie, trustee in bankruptcy of T. I. Brown & Co., against the J. M. Radford Grocery Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Dallas Scarborough, of Abilene, Tex., for plaintiff in error.

Harry Tom King, of Abilene, Tex. (Kirby & King, H. N. Hickman, and C. G. Whitten, all of Abilene, Tex., on the brief), for defendant in error.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

WALKER, Circuit Judge. This was a suit by the defendant in error, the trustee in bankruptcy of T. I. Brown & Co., to avoid as preferences several payments of money made by the bankrupts to the plaintiff in error (which will be called the defendant), within four months before the filing of the petition in bankruptcy, and to recover the amounts of such payments. There was a trial by jury. Both the individual bankrupts were witnesses in the trial.

[1] It is assigned as error that the court, over objection, admitted in evidence testimony given by one of the bankrupts at a meeting of the creditors. Representatives of the defendant were present at the meeting. The admission of the testimony formerly given by the bankrupt followed the making by him, in the course of his examination as a witness in the trial, of a statement to the effect that the report of his

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

testimony given at the meeting of creditors was correct, and that he confirmed that testimony· as being the truth. The witness, by adopting his formerly given testimony, made it a part of the testimony given by him in the trial. So far as appears, this was done without objection. The result of the court's action, which is complained of, was not to admit in evidence testimony not deposed to in the trial. That ruling was not erroneous.

[2] Within the four months period the bankrupts made three payments of money to the defendant, one of $800, one of $750, and one of $2,000. The money used in making the last-mentioned payment was borrowed by the bankrupts from a bank. The other two payments were made by checking on the bank deposit account of the bankrupts. There was evidence tending to prove that before the payments were made the defendant had delivered to the bankrupts for collection notes and accounts which the latter had pledged to the former as collateral security, and that with the knowledge and consent of the defendant the bankrupts deposited to their own credit in bank any collections made on such collateral, and remitted to the defendant out of their general funds, without regard to the amount collected on the notes and accounts pledged to the defendant as security for the debt owing to it. Payments so made could not properly be regarded as made out of funds or property belonging to the defendant. This is obviously true as to the $2,000 payment, which was made with money having no connection with collateral belonging to the defendant. That payment being a transfer of property belonging to the bankrupts, and there being evidence tending to prove that the bankrupts were insolvent when that payment was made, and that the defendant had reasonable cause to believe that the enforcement of the transfer would effect a preference, the court did not err in refusing a request to·charge the jury to return a verdict for the defendant.

[3] There is an assignment of error based upon an exception reserved to a part of the charge given by the court. This assignment will be disregarded, because of a noncompliance with the requirement of a rule of this court (rule 11, 150 Fed. xxvii, 79 C. C. A. xxvii) that:

"When the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to in totidem verbis, whether it be in instructions given or in instructions refused."

It will be added that the exception as reserved leaves it in doubt what statement in the charge given was intended to be excepted to. No part of the charge contains a statement substantially the same as that attributed to the court in the exception.

The judgment is affirmed.